IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| FAYE RENNELL HOBSON | ) | |
| | ) | |
| v. | ) | NO. 3:20-0076 |
| | ) | |
| MARK T. ESPER | ) | |

**TO:** Honorable William L. Campbell, Jr., District Judge

# R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered March 24, 2020 (Docket Entry No. 11), this case was referred to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72 of the Federal Rules of Civil Procedure and the Local Rules of Court. For the reasons set out below, the undersigned Magistrate Judge respectfully recommends that class certification be denied in this lawsuit.

## I. BACKGROUND

Faye Rennell Hobson ("Plaintiff"), a Tennessee resident and former employee of the United States Department of Defense ("DOD"), filed this *pro se* lawsuit on January 29, 2020, against Mark T. Esper, the Secretary of the DOD ("Defendant"), as a putative class action. *See* "Class Action Complaint" (Docket Entry No. 1). Plaintiff subsequently filed an "Amendment to Class Action Complaint." *See* Docket. Entry No. 9. Plaintiff asserts that the lawsuit is brought on behalf of a class consisting of current and former African American employees of the DOD who allege (1) racial

discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, and (2) retaliation in violation of Title VII, *see* Complaint at ¶¶ 9-10; Amended Complaint at ¶¶ 7-8, and she requests that the Court certify this case as a class action lawsuit. *See* Complaint at 8, § G.b; Amended Complaint at 8, § G.b.

Plaintiff list several other individuals as additional plaintiffs[1] and both refers to the collective plaintiffs as "class representatives" and to herself individually as the "class representative." *See* Declaration of Hobson (Docket Entry No. 1 at 12). In addition to the proposed claims of the class, Plaintiff also asserts a claim that her rights under the Rehabilitation Act of 1973, 29 U.S.C. §§ 710 *et seq.*, have been violated because she was denied a reasonable accommodation for her disabilities. *See* Complaint at ¶ 20; Amended Complaint at ¶ 16.

## II. CONCLUSIONS

The request made by Plaintiff in her pleadings that the Court certify this lawsuit as a class action is construed as a motion for class certification under Rule 23 of the Federal Rules of Civil Procedure. Such a request should be denied, leaving this lawsuit to proceed only as to Plaintiff's individual claims brought under the Rehabilitation Act.

A lawsuit may not be certified as a class action merely by virtue of its designation as such in the pleadings or by a mere repetition of the language of Rule 23. *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1996). A "rigorous analysis" into whether the prerequisites of Rule 23 are met is required before certifying a class. *General Tel. Co. v. Falcon*, 457 U.S. 147, 161 (1982). The

---

[1]Ten other individuals are listed as plaintiffs in the original complaint and eleven other individuals are listed as plaintiffs in the amended complaint. However, none of these individuals signed either pleading

2

party seeking class certification bears the burden of establishing that the requisites are met. *Alkire v. Irving*, 330 F.3d 802, 820 (6th Cir. 2003).

Under Rule 23(a), four prerequisites must be satisfied for any class to be certified: 1) the class must be so numerous that joinder of all members is impracticable; 2) common questions of law or fact must be present among the class; 3) the claims of the representative party must be typical of the class; and 4) the representative party must be able to fairly and adequately protect the interests of the class. *Stout v. J.D. Byrider*, 228 F.3d 709, 716-17 (6th Cir. 2000).

In the instant case, the law within this Circuit prevents Plaintiff from satisfying her burden as to the fourth element and, thus, requires that her request to certify a class be denied. The Sixth Circuit's established rule is that a *pro se* party is not a proper representatives of a class. *See Ziegler v. Michigan*, 90 Fed.App'x. 810 (6th Cir. January 23, 2004); <u>Palasty v. Hawk</u>, 15 Fed.App'x. 197 (6th Cir. June 20, 2001); *Howard v. Dougan*, 221 F.3d 1334, 2000 WL 876770 (6th Cir. June 23, 2000); *Hammond v. O'Dea*, 932 F.2d 968, 1991 WL 78161 (6th Cir. May 14, 1991); *Dundee v. Univ. Hosps. Corp*, 2020 WL 511520 at *1 (N.D.Ohio Jan. 31, 2020); *Mustric v. Huntington Nat'l Bank*, 2019 WL 1472095 at *2 (S.D.Ohio Apr. 3, 2019); *Myers v. Transcor Am., LLC*, 2009 WL 793752 at *1 (M.D.Tenn. Mar. 23, 2009) (Trauger, J.); *Powers v. NWA, Inc.*, 2006 WL 984738 at *2 (W.D.Tenn. Apr. 13, 2006); *Collins v. Kentucky*, 2004 WL 3623342 at *1 (E.D.Ky. Oct. 22, 2004).

Additionally, Plaintiff, as a *pro se* party, may represent herself in her own case but she cannot make filings on behalf of another party. *See* 28 U.S.C. § 1654; *Freeman v. Southern Health Partners*, 2012 WL 4903376 at *2 (M.D.Tenn. Oct. 16, 2012) (Sharp, J.); *Powers*, *supra*. Thus, even though multiple other individuals are listed as plaintiffs in the complaint and amended complaint,

3

they are not actually parties in this case because Plaintiff cannot make filings on their behalf and they did not sign the pleadings in this case, as required by Rule 11 of the Federal Rules of Civil Procedure.

Although Plaintiff may correctly assert that the federal regulations permit a "class agent" to act for a class during the administrative processing of a class complaint pursuant to 29 C.F.R. § 1614.204, this regulatory provision applies only to the administrative proceedings and does not permit a *pro se* individual to actually litigate a class action lawsuit under Rule 23.

Because Plaintiff's pleadings in this action are primarily focused on Plaintiff's attempt to pursue class action claims and contain only minimal allegations regarding her individual claim under the Rehabilitation Act of 1973, Plaintiff should be required to file an second amended complaint that deletes all allegations and claims pertaining to the class lawsuit and is limited to her individual claims.[2]

# R E C O M M E N D A T I O N

For the reasons set out herein, it is respectfully RECOMMENDED that Plaintiff's request to certify a class in this lawsuit under Rule 23 and to have the lawsuit proceed as a class action be DENIED.

It is further RECOMMENDED that upon denial of Plaintiff's request for class certification, she be required, within 28 days, to file a second amended complaint that deletes all allegations and claims pertaining to the class lawsuit and is limited to her individual claims.

---

[2]While it is within the case management authority of the Magistrate Judge to issue an order requiring Plaintiff to file a second amended complaint, as that is not a dispositive matter that requires a report and recommendation, that direction is included as recommended relief here for efficiency of judicial resources.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge