IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **FAYE RENNELL HOBSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **NO. 3:20-cv-00076** |
| | ) | |
| **v.** | ) | **JUDGE CAMPBELL** |
| | ) | **MAGISTRATE JUDGE HOLMES** |
| **MARK T. ESPER** | ) | |
| Secretary, Department of Defense | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

Pending before the Court is a Report and Recommendation from the Magistrate Judge recommending the Court deny class certification. (Doc. No. 13). Plaintiff filed objections to the Report and Recommendation (Doc. No. 14) and Defendant responded to the objections (Doc. No. 15). Plaintiff filed a reply. (Doc. No. 16).

After a *de novo* review, and for the following reasons, Plaintiff's objections are **OVERRULED** and the Report and Recommendation is **ADOPTED**.

## I.     BACKGROUND

Plaintiff Faye Rennell Hobson, who is proceeding *pro se*, filed this case as a putative class action alleging racial discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. (Doc. Nos. 1 and 9). In addition to the class claims, Plaintiff asserts an individual claim under the Rehabilitation Act of 1973, 29 U.S.C. §§ 710 et seq. (*Id.*).

In her pleadings, Plaintiff requested the Court certify this case as a class action lawsuit. (*Id.*) The Magistrate Judge construed Plaintiff's request as a motion for class certification under

Rule 23 of the Federal Rules of Civil Procedure. The Magistrate Judge recommended that class certification be denied because Plaintiff, as a *pro se* party, may only represent herself and cannot serve as a representative of the class.

## II.     STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1) and Local Rule 72.03(b)(3), a district court reviews *de novo* any portion of a report and recommendation to which a specific objection is made. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). General or conclusory objections are insufficient. *See Zimmerman v. Cason*, 354 F. App'x 228, 230 (6th Cir. 2009). Thus, "only those specific objections to the magistrate's report made to the district court will be preserved for appellate review." *Id.* (quoting *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987)). In conducting the review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

In deciding a motion to dismiss under Rule 12(b)(6), a court must take all the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to state a claim for relief that is plausible on its face. *Id.* A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* In reviewing a motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff, accepts its allegations as true, and draws all reasonable inferences in favor of the plaintiff. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Because Plaintiff proceeds *pro se*, the Court construes her filings "liberally" and

2

holds her complaint "to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### III. ANALYSIS

The Magistrate Judge recommended class certification be denied because Plaintiff endeavors to represent the class as a *pro se* litigant. (Doc. No. 13 at 4). The Magistrate Judge recommended Plaintiff be required to file a second amended complaint that deletes all allegations and claims pertaining to her class lawsuit and is limited to her individual claims. (*Id.*)

Plaintiff's response to the Report and Recommendation raises two objections relevant to the Magistrate Judge's recommendation. She objects that the Magistrate Judge did not cite the rule or law that prevents a *pro se* party from serving as a class representative. She also objects to the determination that 29 C.F.R. § 1614.204, which allows a "class agent" to act for a class in an administrative proceeding before the Equal Employment Opportunity Commission ("EEOC") representative, does not apply to litigation in court. These objections are without merit.

Plaintiff's argument that she is a highly experienced *pro se* litigant, does not address the well-established law in this Circuit that a *pro se* litigant cannot serve as a class representative. *See Christian Separatist Ch. Soc. of Ohio v. Ohio Dept. of Rehad. And Corr.,* No. 18-3404, 2019 WL 1964307, at * 4 (6th Cir. 2019) (rejecting "the plaintiffs' attempt to bring their claims as a class action because they could not proceed on behalf of others without counsel."); *Heard v. Caruso,* 351 F. App'x 1, 15 (6th Cir. 2009) ("[The plaintiff] is an incarcerated *pro se* litigant without legal training who is representing himself and is not able to adequately to represent the proposed class."); *Ziegler v. Mich.,* 90 F. App'x 808, 810 (6th Cir. 2004) ("[N]on-attorneys

proceeding *pro se* cannot adequately represent a class."). The Magistrate Judge correctly stated the law that a *pro se* party may only represent herself in her own case but cannot make filings on behalf of another party. (Doc. No. 13 at 3) (citing 28 U.S.C. § 1654). The Magistrate Judge also correctly determined that that Plaintiff, as a non-attorney proceeding *pro se*, cannot adequately represent the class. (*Id.*) (collecting cases).

Plaintiff's "objection" to the Magistrate Judge's statement that 29 C.F.R. § 1614.204 applies only to administrate proceedings is without substantive argument. Rather, Plaintiff asks, "tell me, how you arrived at the above?" The Court has reviewed the relevant regulation and agrees with the Magistrate Judge that it applies only to administrative proceedings before the EEOC and does not allow a *pro se* litigant to serve as a class representative in court.

## IV.    CONCLUSION

For the reasons stated above, Plaintiff's objections to the Report and Recommendation are **OVERRULED** and the Report and Recommendation (Doc. No. 13) is **ADOPTED**. Plaintiff shall file a second amended complaint within 28 days that deletes all allegations and claims pertaining to the class lawsuit and it limited to her individual claims.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE

4