# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **FAYE RENNELL HOBSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **NO. 3:20-cv-00076** |
| | ) | |
| **v.** | ) | **JUDGE CAMPBELL** |
| | ) | **MAGISTRATE JUDGE HOLMES** |
| **MARK T. ESPER** | ) | |
| Secretary, Department of Defense | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

On December 2, 2020, Magistrate Judge Holmes ordered Plaintiff, who is proceeding *pro se*, to file a second amended complaint that deletes all allegations and claims pertaining to the class lawsuit and is limited to her individual claims. (Doc. No. 28). The Magistrate Judge warned that failure to comply with the Court's Order to file a second amended complaint as directed may result in the dismissal of her lawsuit. (*Id*. at 1).

The December 2, 2020 Order was not the first time the Court ordered Plaintiff to file a second amended complaint asserting only her individual claims. On July 17, 2020, the Court adopted a Report and Recommendation to deny Plaintiff's request to certify the case as a class action lawsuit because Plaintiff, as a *pro se* litigant, cannot serve as class representative or make filings on behalf of other parties. (*See* Doc. No. 17). The Court also adopted the recommendation that Plaintiff be ordered to file a second amended complaint limited to her individual claims within 28 days and ordered her to do so. (*See id*. at 4 ("Plaintiff shall file a second amended complaint within 28 days that deletes all allegations and claims pertaining to the class lawsuit and is limited to her individual claims.").

In the ensuing months, Plaintiff has not complied with the Court's Orders to file an amended complaint and, in fact, has repeatedly stated that she will not do so. On October 15, 2020,

Plaintiff wrote: "As stated in previous filings, I Plaintiff Hobson will not convert the class action lawsuit into an individual case without good cause to do so." (Doc. No. 26). On December 18, 2020, in response to the Magistrate Judge's Order of December 2, 2020, Plaintiff asserted, "Magistrate Judge Holmes does not have the legal right or authority to Order Plaintiff to change her class action lawsuit into an individual lawsuit." (Doc. No. 29 at 1). After deriding the "corrupt judicial system," she urged, "If the Court has grounds for dismissal, Dismiss the case so 500 plus 'Black' educators can prepare to move forward." (*Id*. at 2). Plaintiff also indicated that she will not retain an attorney to pursue the claims on behalf of the class. She stated, "this Court has proven to Plaintiff that having an attorney is not in her best interest or the best interest of other class members because attorneys can be bought and sold." (*Id*. at 3).

A party's refusal to comply with an Order from the Court may subject the party to sanctions under Rules 16(f) and 41(b) of the Federal Rules of Civil Procedure, including the sanction of dismissal. The Court has twice Ordered Plaintiff to file a second amended complaint asserting only her individual claims. (See Doc. Nos. 17 and 28). Plaintiff has consistently refused to do so, despite having been warned that failure to comply with the Court's Order may result in dismissal of her case. Indeed, Plaintiff appears to invite dismissal. (*See* Doc. No. 29 at 2 (urging, "If this Court has grounds for dismissal, Dismiss the case …").

Accordingly, this case will be **DISMISSED** without prejudice under Rules 16(f) and 41(b) of the Federal Rules of Civil Procedure.

It is so **ORDERED**.

WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE